UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMIR HOSSEIN BARADARAN GHASABAN, *et al.*,

    *Plaintiffs*,

    v.

MARCO A. RUBIO, *et al.*,

    *Defendants.*[1]

No. 24-cv-2946 (DLF)

**MEMORANDUM OPINION**

    The plaintiffs bring this action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 706(1), (2)(A), and the Mandamus Act, 28 U.S.C. § 1361, to compel a final decision on Amir Hossein Baradaran Ghasaban's (Baradaran's) nonimmigrant visa application. Before the Court is the defendants' motion to dismiss. *See* Mot. to Dismiss, Dkt. 15. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

    The plaintiffs are a family of British citizens who entered the United States pursuant to Baradaran's E-2 visa issued in 2012. Compl. ¶ 20, Dkt. 1. Baradaran operates a business in California, *id.* ¶ 2, where his daughters attended public school, *id.* ¶ 27. In May 2022, Baradaran applied for a second E-2 visa prior to the expiration of his initial visa on October 3, 2022. *Id.* ¶ 26; *see* Pls.' Ex. 2, Dkt. 1-10. After an August 18, 2023, interview at the U.S. Consulate in Toronto, a consular officer "refused" Baradaran's visa application under § 221(g) of the Immigration and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current United States Secretary of State is substituted as the party defendant.

Nationality Act, 8 U.S.C. § 1201(g), "on the basis of an administrative processing referral." Compl. ¶ 4. Baradaran has since "[made] numerous inquiries concerning" the status of his application. *Id.* ¶ 6; *see* Pls.' Exs. 5–9, Dkts. 1-13 to 17. In response to Baradaran's inquiries, the State Department (the Department) explained that his application "was refused under section 221g of the Immigration and Nationality Act . . . for a legally mandated administrative review" and requested that he fill out a supplemental questionnaire. Pls.' Exs. 5–6. Baradaran also contacted Congressman Darrell Issa's office for assistance. Compl. ¶¶ 31, 33. Congressman Issa's office received the same response that the Department had given Baradaran—that the application was refused for administrative review. *Id.* ¶ 32; *see* Pls.' Ex. 10, Dkt. 1-18. The plaintiffs allege that, as a result of their inability to enter the country, they have experienced emotional stress and lost educational and business opportunities. Compl. ¶¶ 46–49.

The plaintiffs filed this action on October 17, 2024, against the Secretary of State, the Assistant Secretary of State for Consular Affairs, the Deputy Assistant Secretary of State for Visa Services, the United States Ambassador to Canada, and the United States Consul General in Toronto. *See* Compl. ¶¶ 21–25. They seek mandamus relief and an order under the APA to compel the Department to issue a final decision on Baradaran's visa application. *Id.* ¶¶ 8–15. The defendants moved to dismiss the complaint for lack of jurisdiction and failure to state a claim. *See* Mot. to Dismiss at 1.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal law empowers federal district court judges to hear only certain kinds of cases, and

the plaintiff bears the burden of establishing that her case falls within that limited jurisdiction. *Id.* When deciding a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation modified). A court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (citation modified). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Rule 12(b)(6) allows a defendant to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; see *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The complaint need not make "detailed factual allegations," but allegations that are merely a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

When deciding a Rule 12(b)(6) motion, well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff,

3

who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citation modified). But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. Saint Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

### III. ANALYSIS

The plaintiffs seek to compel agency action on Baradaran's visa application. Courts review such claims according to "the same [standard] under both § 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017). To state a claim under the APA or to establish the court's jurisdiction under the Mandamus Act, the plaintiff must "assert[] that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).[2] This discrete agency action must derive from

---

[2] Though under the same standard, courts dispose of mandamus and APA claims to compel agency action differently. For mandamus relief, a court lacks subject-matter jurisdiction if the agency does not have a clear legal duty. *See Illinois v. Ferriero*, 60 F.4th 704, 713–14 (D.C. Cir. 2023). But for APA relief, a plaintiff fails to state a viable claim for unreasonable delay if the agency does

a "crystal-clear legal duty." *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (citation modified). A court has no authority to compel discretionary agency actions that are "not demanded by law (which includes . . . agency regulations)." *Norton*, 542 U.S. at 65.

The D.C. Circuit recently rejected a visa applicant's APA claims for lack of legal duty in an unpublished decision. *See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024). As here, a consular officer had reviewed the plaintiff's visa application, interviewed the plaintiff, refused the application, and placed it in administrative processing. *Id.* at *2. The plaintiff claimed that the Department's placement of her application in administrative processing following its refusal violated the Department's duty to "'conclude a matter' within a 'reasonable time'" under §555(b) of the APA. *Id.* at *3 (quoting 5 U.S.C. § 555(b)). The D.C. Circuit held that § 555(b) did not create a sufficiently clear and direct legal duty for the court to compel agency action. *Id.* at *3–4. The only legal duty owed to the plaintiff was the "official refusal decision she already received." *Id.* at *4. While "the consular officer may choose to place an officially refused application in administrative processing," this discretionary action does not give rise to further legal duties. *Id.* at *2. Although the Court does not view *Karimova* as binding, as the defendants contend, *see* Mot. to Dismiss at 5 n.2, its reasoning is persuasive and applies here.[3] *See Doroodchi v. Rubio*, No. 24-cv-3170 (CRC), 2025 WL 1865114, at *4 (D.D.C. July 7, 2025) (applying

---

not have a clear legal duty. *See Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023).

[3] D.C. Circuit Rule 36(e)(2) states that "a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition." D.C. Circuit Rule 32.1(b)(1)(B) provides that "unpublished orders or judgments . . . may be cited as precedent," but it does not explain what weight district courts should give to unpublished opinions beyond pointing back to Rule 36. Neither of the cases the defendants cite in support—*Khaksari v. Chairman, Broad. Bd. of Governors*, 451 F. App'x 1, 4 (D.C. Cir. 2011) and *Head v. Wilson*, 792 F.3d 102, 109 n.9 (D.C. Cir. 2015)—provide additional guidance. Absent clear direction from D.C. Circuit rules or precedent, the Court does not regard *Karimova* as binding.

5

*Karimova* as "the considered and unanimous judgment of a D.C. Circuit panel"); *Moradi v. Rubio*, No. 24-cv-2902 (GMH), 2025 WL 1865110, at *6 (D.D.C. July 7, 2025) (accepting *Karimova*'s persuasive value because it was "entered following oral argument and includes a rather lengthy exegesis of its legal reasoning"); *Al-Kawaz v. U.S. Dep't of State*, No. 24-cv-1792 (RC), 2025 WL 1768103, at *4 (D.D.C. June 26, 2025) ("The Court is persuaded by *Karimova*."). *But see Ahmed v. Blinken*, 759 F. Supp. 3d 1, 10 n.4 (D.D.C. 2024) ("This Court has considered *Karimova* but declines to follow it."). Consistent with *Karimova*, the Court concludes that the Department did not violate a clear and direct legal duty under § 555(b) of the APA.

Nor have the plaintiffs alleged sufficient unfulfilled legal duties that would justify the relief requested. First, they point to 22 C.F.R. § 41.121(a), which requires a consular officer to issue or refuse a visa when an application has been properly completed or executed.[4] Compl. ¶¶ 11, 41, 22. But this duty was fulfilled when the consular officer refused Baradaran's application. *See id.* ¶ 4 ("Mr. Baradaran was interviewed by an E-2 Treaty Consular officer . . . and Mr. Baradaran's visa application was refused under Section 221g of the Immigration and Nationality Act ('INA') on the basis of an administrative processing referral."). At that time, Baradaran's application "received the 'refused' decision that the law expressly authorizes." *Karimova*, 2024 WL 3517852, at *4 (citation modified). And the plaintiffs have not pointed to any statute or regulation that requires a refusal to be final or prevents a refused application from being placed in administrative processing. Opp'n at 1, 2, 7, Dkt. 17*; see Yaghoubnezhad v. Stufft*, No. 23-cv-3094 (TNM), 2024

---

[4] The plaintiffs cite 22 C.F.R. § 42.81(a), which applies to immigrant visa applications. The Court presumes that the plaintiffs intended to reference 22 C.F.R § 41.121(a), which applies to nonimmigrant visa applications, given that Baradaran's application is for a E-2 nonimmigrant visa. Compl. ¶ 3. Both regulations contain similar language requiring a consular officer to issue the visa, refuse the visa, or discontinue granting the visa after an application has been properly completed and executed. *Compare* 22 C.F.R. § 42.81(a), *with id.* § 41.121(a).

WL 2077551, at *8 (D.D.C. May 9, 2024) (noting that the relevant statute and regulations do not include "any requirement that the refusal be 'final' or ineligible for discretionary re-adjudication or 'administrative processing'"). As *Karimova* explains, "the consular officer may choose to place an officially refused application in administrative processing," 2024 WL 3517852, at *2, but "[n]othing in federal law speaks to" this discretionary action, *id.* at *4.

Second, the plaintiffs rely on 8 U.S.C. § 1571(b), which describes "the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after" initially filed. *See* Compl. ¶ 11. But this provision creates no legal duty for defendants. "[Section] 1571 applies to the Immigration and Naturalization Service, not the State Department," *Lee v. Blinken*, 23-cv-1783 (DLF), 2024 WL 639635, at *6 (D.D.C. Feb. 15, 2024), so it cannot create a legal duty for the Department. It also "governs immigration benefit applications, not the *non*immigrant visa application at issue here." *Id.* (citation modified). And generally, statutory provisions that describe the "sense of Congress" do not create legal duties. *See Palakuru v. Renaud*, 521 F. Supp. 3d 46, 51 (D.D.C. 2021) ("[T]he prefatory 'sense of Congress' language in § 1571(b) is best interpreted as nonbinding.").

Third, the plaintiffs allege that the Department violated a legal duty by not providing Baradaran's refusal in writing. Opp'n at 4; *see* 9 Foreign Affairs Manual § 403.10-3(A)(2) ("In any [nonimmigrant visa] case involving a refusal . . . you must provide the applicant and any attorney of record a written refusal."). The source of this supposed duty, the State Department's Foreign Affairs Manual, contains "official guidance, including procedures and policies, on matters relating to Department management and personnel." 22 C.F.R. § 5.5. But the plaintiffs did not raise this argument in their complaint, and "[i]t is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v.*

*Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014).  Moreover, the Foreign Affairs Manual "do[es] not carry the force of law." *Babamuradova v. Blinken*, 633 F. Supp. 3d 1, 16 (D.D.C. 2022) (citing *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)).  It is neither a statute, nor was it "issued pursuant to notice-and-comment rulemaking." *Shirouyehnezhad v. Blinken*, No. 23-cv-2910 (TSC), 2025 WL 82299, at *3 (D.D.C. Jan. 13, 2025) (citation modified).  Instead, its status as "internal guidance" means it cannot "creat[e] enforceable obligations," rendering it incapable of supporting plaintiffs' claims.  *Id*.

The Department fulfilled its legal duty by refusing Baradaran's visa application.[5]  Because the plaintiffs fail to point to an additional "crystal-clear legal duty" that the Department has not fulfilled after entering the refused application for administrative processing, *In re Ctr. for Biological Diversity*, 53 F.4th at 670, the Court lacks subject-matter jurisdiction to issue mandamus relief, and the plaintiffs fail to state a claim for unreasonable delay under the APA.

## CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss is granted.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 2, 2025

---

[5] Because the Court agrees that the plaintiffs have not identified a clear non-discretionary duty that the Department must fulfill for an already-refused visa application, Mot. to Dismiss at 4, the Court need not address the defendants' alternate argument that the plaintiffs' claims should be dismissed under the consular non-reviewability doctrine, *id.* at 8.